IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID DOW PETTIGREW,

        Petitioner,         Civ. No. 09-520-CL

v.                             **OPINION AND ORDER**

BRIAN BELLEQUE,

        Respondent.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation ("R & R") [#40], and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner timely filed objections [#44] to the R & R. Accordingly, I have reviewed the file of this case de novo. See 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the R & R is correct.

Petitioner raises three main objections to the R & R. First, Petitioner objects to Judge Clarke's determination that all but one of Petitioner's claims are procedurally exhausted. Second, Petitioner objects to the R & R's determination that Petitioner did not allege cause and prejudice regarding defaulted claims. Petitioner's third objection is to Judge Clarke's recommendation denying a certificate of appealability.

Petitioner makes two separate arguments regarding procedurally defaulted claims. Petitioner argues his claim regarding the victim's character testimony is not procedurally defaulted because of a citation to US v. Jackson, 588 F.2d 1046 (5th Cir. 1979), cert. den., 442 U.S. 941 (1979). Second, Petitioner argues his claim regarding ORS 135.815 was federalized because ORS 135.815 is based on Brady v. Maryland, 373 U.S. 83 (1963)

Petitioner's argument regarding the first claim is unconvincing. Jackson discusses the Fourth Amendment's Search and Seizure protection extensively and Fed. R. Evid. 608 briefly. Id. at 1050-55. Petitioner makes no reference to the Fourth Amendment. Petitioner argues OEC 608 is based on Fed. R. Evid. 608, which "implicates the confrontation clause of the Sixth Amendment." (Pet.'s Reply to Resp. to Habeas Pet., at 2.) Petitioner's Brief does not discuss the Sixth Amendment explicitly or implicitly in his discussion regarding Jackson.

2- ORDER

The context of Petitioner's Brief's citation to <u>Jackson</u> deals with cross examination of the victim. <u>See</u> Pet'r.'s Writ of Habeas Corpus, at 7-9 ("It is unclear that even a thorough cross-examination can ever give rise to an attack on a witness's character."). Petitioner's argument claims the court erred in allowing reputation testimony about the victim. The <u>Jackson</u> discussion of Fed. R. Evid. 608 does not "federalize" Petitioner's claim. In <u>Jackson</u>, the court discussed the applicability of Fed. R. Evid. 608 to the accused's testimony. 588 F. 2d at 1055. The court held that discrepancies between the accused's testimony and witnesses' testimony did not amount to an attack on the accused's reputation. <u>Id.</u> The applicability of <u>Jackson</u> to Petitioner's claim is attenuated. Therefore, Petitioner's Brief and reference to <u>Jackson</u> did not give the state court adequate notice of the federal claims.

Petitioner's second argument is unconvincing. Petitioner argues the claim based on ORS 135.815 raises a federal issue because ORS 135.815 is based on the Supreme Court's ruling in <u>Brady v. Maryland</u>, 541 U.S. 27 (2003). (Pet'r's Reply to Resp. to Habeas Pet., at 3-4.) Petitioner's argument regarding ORS 135.815 does not discuss a federal case or law. Petitioner's state Appellate Brief argument relies on Oregon case law (<u>State v. Warren</u> and <u>State v. King</u>) interpreting ORS 135.815. (Pet'r.'s Writ of Habeas Corpus, Ex. 103, at 15-17.)

3- ORDER

Neither case cited supports Petitioner's assertion that the claim was federalized. In King, the court did not examine any constitutional provisions. 30 Or App 223, 566 P.2d 1204 (1997) In Warren, the court determined it did not need to consider the constitutions because ORS 135.815 requires disclosure. 304 Or 428, 431, 746 P.2d 711 (1987). The court determined:

> Constitutional interpretation is required only if a law does not otherwise provide for disclosure of information to which the defense must have access to in order to 'meet the witnesses face to face', Art. I, § 11, Oregon Const., 'to be confronted with witnesses against him,' Sixth Amend., U.S. Const., or to receive "due process of law," Fourteenth Amendment, U.S. Const.

Id. Because Petitioner relies on ORS 135.815 as in Warren, citing Warren is not sufficient to alert the state court of a federal claim.

Petitioner's first objection to the R & R fails. Petitioner failed to present "the claims he raised in state proceedings specifically as federal claims." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2004) (quoting Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), as modified by, 247 F.3d 904 (9th Cir. 2001)). On both claims, Petitioner's Brief does not discuss federal constitutional provisions or challenges. State courts must be given a "fair opportunity" to apply "controlling legal principles" that affect Petitioner's constitutional claims. Castillo, 399 F.3d at 999 (quoting Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003)).

4- ORDER

Petitioner's attenuated application of federal law did not give Oregon Courts a fair opportunity to know Petitioner was "asserting federal claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 366 (1995). Thus, Judge Clarke correctly determined that all but one of Petitioner's claims are procedurally defaulted.

Petitioner's second objection claims Judge Clarke did not address the cause and prejudice argument to Petitioner's procedural defaults. (Pet'r's Objection to Magistrate Judge's R & R, at 2.) Petitioner's assertion relies heavily on a quote from the R & R stating, "Petitioner has not alleged any cause or prejudice for his procedural defaults . . .". (Id. at 1-2); (R & R, at 9.) Petitioner's emphasis on his "cause and prejudice" heading adds little substance to the argument. The fact that Judge Clarke stated, "Petitioner has not alleged any cause and prejudice," rather than, "Petitioner has not demonstrated sufficient cause and prejudice," is of no consequence.

After a de novo review of Petitioner's objections, I agree with Judge Clarke, that Petitioner has failed to demonstrate sufficient cause and prejudice. Petitioner argues ORS 138.590(4) "mandates that a petitioner be provided 'suitable counsel' to assist him in post conviction hearings." (Pet'r.'s Reply to Resp. to Habeas Pet., at 6.) Petitioner claims absent "suitable counsel" in state appellate proceedings, procedural exhaustion

5- ORDER

requirements are prejudicial. (Id. at 6-7.) Petitioner argues he meets both the cause and prejudice requirements. Petitioner asserts his appellate counsel directly caused Petitioner's procedural defaults, and Oregon's failure to provide suitable counsel prejudiced his "several meritorious federal claims." (Id. at 8-10.)

Petitioner incorrectly argues ORS 138.590(4) "mandates" suitable counsel for petitioners. (Pet'r.'s Reply to Resp. to Habeas Pet., at 6). ORS 138.590(4) requires the court to appoint counsel to indigent applicants who seek counsel, not to all petitioners. Petitioners cause and prejudice claim fails for two reasons. First, he requested post conviction counsel. Second, "there is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546 (1991) (internal citations omitted). Habeas relief is only available when "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Since post conviction counsel is not "mandated" in Oregon and there is no constitutional right to post conviction counsel, Petitioner's cause and prejudice claim is meritless. Coleman, 501 U.S. at 757 ("Because Petitioner had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Petitioner's claims in state court cannot constitute cause to excuse the default in federal

6- ORDER

habeas.").

Petitioner's final objection is that the denial of a certificate of appealability would deprive Petitioner of pursuing debatable issues further. However, as Judge Clarke correctly determined, Petitioner failed to show cause and prejudice for any of the procedurally defaulted claims. Additionally, Petitioner failed to make a substantial showing of the denial of a constitutional right regarding the procedurally exhausted claim. See 28 U.S.C. § 2253(c)(2). I decline to issue a certificate of appealability.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation [#40] is adopted. The petition [#2] is denied and this action is dismissed. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED this ___ day of July, 2011.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

habeas.").

Petitioner's final objection is that the denial of a certificate of appealability would deprive Petitioner of pursuing debatable issues further. However, as Judge Clarke correctly determined, Petitioner failed to show cause and prejudice for any of the procedurally defaulted claims. Additionally, Petitioner failed to make a substantial showing of the denial of a constitutional right regarding the procedurally exhausted claim. See 28 U.S.C. § 2253(c)(2). I decline to issue a certificate of appealability.

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation [#40] is adopted. The petition [#2] is denied and this action is dismissed. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED this ___ day of July, 2011.

*[signature: Owen M. Panner]*

OWEN M. PANNER
U.S. DISTRICT JUDGE